IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTINE MARY RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:15-cv-434 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Christine Mary Russell ("Russell") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Russell alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to evaluate and properly credit the opinion of her treating physician and (2) rendering a decision not otherwise supported by substantial evidence when considering the opinion of Russell's treating physician and the additional evidence submitted to the Appeals Council. I find that the ALJ failed to provide a sufficient explanation for the weight given to the treating physician's opinion. As such, I **RECOMMEND** that Russell's motion for summary judgment (Dkt. No. 17) be **GRANTED in part**, the Commissioner's motion for summary judgment (Dkt. No. 18) be **DENIED**, and that the case be **REMANDED** for further consideration by the ALJ.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to

support the Commissioner's conclusion that Russell failed to demonstrate that she was disabled under the Act.[1]  Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted).  The final decision of the Commissioner will be affirmed where substantial evidence supports the decision.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted).  In Monroe, the Fourth Circuit held that the ALJ erred in failing to explain why particular medical opinions were given limited weight. Id. at 190-91.  The conclusory analysis of medical opinions prohibited the court from understanding why particular medical opinions were favored over others and frustrated the reviewing court's need to determine what evidence was actually applied to the ALJ's conclusion. Id.  Here, remand is appropriate because the ALJ's

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work.  Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience.  See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

2

opinion leaves the court to guess at how she reached her conclusion that Russell's treating physician's opinion deserved limited weight.

## **CLAIM HISTORY**

Russell filed for DIB on April 4, 2012, claiming that her disability began on February 19, 2012[2], due to neck and back pain following prior surgical fusions and her mood disorder. R. 59. The state agency denied Russell's applications at the initial and reconsideration levels of administrative review. R. 59–68, 70–79. On January 28, 2014, ALJ Geraldine H. Page held a hearing to consider Russell's claims for DIB. R. 29–58. Counsel represented Russell at the hearing, which included testimony from vocational expert John F. Newman.

On March 20, 2014, the ALJ entered her decision analyzing Russell's claims under the familiar five-step process[3] and denying her claim for benefits. R. 15–24. The ALJ found that Russell was insured at the time of the alleged disability onset and that she suffered from the severe impairments of degenerative disc disease of the cervical spine, status post surgery in 2012; right carpal tunnel syndrome; and obesity. R. 17. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 18. The ALJ concluded that Russell retained the residual functional capacity ("RFC") to perform a limited range of light work. R. 18. Specifically, the ALJ found that

---

[2] Russell's date last insured is December 31, 2017. R. 15. Thus, she must show that her disability began on or before December 31, 2017 and existed for twelve continuous months to receive DIB. 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

3

Russell can occasionally kneel, crawl, crouch, stoop, balance, or climb ramps and stairs, can frequently handle, finger, and feel, but cannot work in a job that requires quick neck turns or bending her neck up or down for more than thirty minutes at a time. She should avoid concentrated exposure to extreme cold and all exposure to hazardous machinery, unprotected heights, vibrating surfaces and must never climb ladders, ropes or scaffolds. She should also avoid excessively loud background noises, such as jackhammers or loud traffic due to headaches. R. 18–19.

The ALJ determined that Russell was incapable of performing her past relevant work as a building inspector, but she could perform jobs that exist in significant numbers in the national economy, such as counter clerk and usher. R. 23–24. Thus, the ALJ concluded that Russell was not disabled. R. 24. Russell appealed the ALJ's decision and the Appeals Council denied her request for review on July 29, 2015. R. 1–5.

## ANALYSIS

Russell alleges that the ALJ erred by: (1) failing to evaluate and properly credit the opinion of her treating physician and (2) rendering a decision not otherwise supported by substantial evidence when considering the opinion of Russell's treating physician and the additional evidence submitted to the Appeals Council in conjunction with Russell's request for review.

### Treating Physician's Opinion

Russell claims that the ALJ erred by giving only little weight to the opinion of Russell's treating physician, Dr. Robert Squillante, M.D., without specifically stating what evidence in the record contradicted his opinion. Pl.'s Br. Summ. J. 7. In November 2012, Dr. Squillante completed a disability questionnaire finding that Russell could sit for about four hours in an

4

eight-hour workday, stand/walk for about two hours in an eight-hour workday, lift up to ten pounds occasionally, and would have limitations in terms of reaching in all directions, handling and fingering, as well as limitations in rotating her neck and elevating/lowering her chin and/or holding her head in a static position. R. 366–367. Dr. Squillante also stated that Russell would frequently experience pain or other symptoms severe enough to interfere with attention and concentration and would likely be absent more than four times a month from work as a result of her impairments or treatment. R. 367.

> The ALJ gave little weight to Dr. Squillante's opinion though, stating:
>
> Dr. Squillante's opinion that the claimant is disabled is given little weight because that issue is reserved for the Commissioner. His opinion is also given little weight because it is not supported by the medical evidence of record. Although the medical evidence of record shows that the claimant had some neck pain and limited use of her bilateral upper extremities, it does not support any long-term limitation of her ability to stand and walk. Additionally, the claimant generally reported only intermittent problems with her bilateral upper extremities, which were often related to certain activities. The residual functional capacity accounts for these limitations by limiting the claimant to no more than occasional reaching, and only frequent, not constant, manipulation.

R. 22. The ALJ's accompanying explanation also stated that the "residual functional capacity assessment is supported by the objective medical evidence of record and the opinions of the State agency physicians." R. 22. The ALJ gave the opinions of the state agency physicians some weight, stating as follows:

> Although State agency consultants are non-examining medical sources, and therefore their opinions do not, as a general matter deserve as much weight as those of examining or treating physicians, the opinions do deserve some weight as these doctors have a high level of understanding of the Social Security disability program and enjoyed a review of all the available evidence in the record when forming their opinions. Furthermore, their opinions do deserve some weight, particularly in a case such as this in which there exist a number of other reasons to reach similar conclusions as explained throughout this decision. The undersigned gives the opinions of the State agency physicians some weight in as far as they are consistent with the RFC determined by the undersigned.

5

R. 22. Nothing in this explanation specifies why the ALJ considers the state agency physicians' opinions more valid than Dr. Squillante's opinion.

A treating physician's opinion is not automatically entitled to controlling weight, but a treating physician's opinion which is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record" will receive controlling weight. 20 C.F.R. § 416.927(c)(2). The ALJ must give "good reasons" for not affording controlling weight to a treating physician's opinion. Id. The Fourth Circuit recently reiterated in Monroe v. Colvin, that an ALJ's must "build an accurate and logical bridge from the evidence to his conclusion", and the failure to do so is grounds for remand. Monroe, 826 F.3d 176, 189 (4th Cir. 2016). "The failure of an ALJ to specify what treatment history or evidence does not support a particular opinion means 'the analysis is incomplete and precludes meaningful review.'" Knapp v. Colvin, No. 7:15-CV-348, 2016 WL 4447836, at *3 (W.D. Va. Aug. 1, 2016) (quoting Monroe, 826 F.3d at 191), report and recommendation adopted, No. 7:15-CV-00348, 2016 WL 4482419 (W.D. Va. Aug. 23, 2016). Monroe confirms the ALJ's obligation to explain the conclusions reached and identify the record evidence which supports those conclusions. Only then can a court meaningfully review whether substantial evidence supports the ALJ's decision.

As to Dr. Squillante's opinion and its consistency with his clinical findings, the ALJ recounted in detail Russell's medical records, including information that both supports and rebuts Russell's claim that she is disabled. For example, the ALJ discussed Russell's visit with Dr. Leipzig in February 2012, where she complained of loss of balance and arm weakness and he determined she had limited cervical range of motion. The ALJ noted that a myelogram showed C4-5 disc herniation with nerve root, but Russell did not immediately have surgery. R. 19. The

6

ALJ stated that Dr. Leipzig prescribed epidural steroid injections and Russell began physical therapy, which ultimately did not help, and Russell accordingly underwent a C4-5 discectomy and fusion in September 2012 under the direction of Dr. Squillante. R. 20.  The ALJ then described Russell's experience with physical therapy at Heartland Rehabilitation Services after the surgery, noting she first attended physical therapy after surgery and then continued from December 2012 to March 2013. R. 20.  The ALJ determined Russell went to only five physical therapy sessions and discontinued therapy in March 2013. R. 20.  She had partially met all of her long-term goals "but still had some pain and limitations." Id.  The ALJ contended that objective measurements in March 2013 showed Russell had significant improvement with records demonstrating 50-60% range of motion in some directions and 25-35% in others. R. 20.  The ALJ also stated that Russell reported 50% functioning for her activities in daily life, 30% for recreation-sports, and 30% for social participation, noting that such numbers are "much higher than her 10% rating in December." R. at 20.  As the Commissioner contends, the ALJ's decision rested on Russell's great improvement with medical exams showing "some continued cervical tenderness, but intact and full sensation, as well as 5/5 strength in her upper extremities." D. Br. Summ. J. 1.

      The ALJ is entitled to weigh the evidence and reach the decision that Russell is not disabled if substantial evidence supports such a determination.  The ALJ's opinion must specify which evidence in the medical record renders Russell's treating physician's opinion to be of little weight.  Here, the ALJ merely stated Dr. Squillante's opinion "is given little weight because the issue is reserved for the Commissioner" and because his opinion is "not supported by the medical evidence of record", a record which did not "support any long-term limitation of her [Russell's] ability to stand and walk." R. 22.

The ALJ is correct that the determination of disability is reserved for the Commissioner and ultimately the ALJ may decide to give only limited weight to the opinion of Dr. Squillante. The ALJ's conclusory interpretations of Russell's medical records in her discussion of Dr. Squillante's opinion, without more pointed analysis, does not fulfill her duty to explain the reasons that Dr. Squillante's opinion is unsupported by his clinical findings or deserves such little weight. The ALJ did not analyze whether Dr. Squillante's opinion was supported by clinical and diagnostic techniques or whether it was consistent with other substantial evidence in the record as required by 20 C.F.R. § 416.927(c)(2). The ALJ must explain why and how the other medical opinions and medical evidence in the record caused him to doubt the validity of Dr. Squillante's opinion. Without this analysis, I am left to mine the record for facts to support the ALJ's conclusions and essentially fill in the blanks the ALJ left in her analysis. This I cannot do. The record may well contain evidence to support the ALJ's conclusions, but it is the responsibility of the ALJ to set out the evidence (with an adequate explanation) in her opinion. Monroe makes clear that it is not the court's role to scour the record for evidence to support the ALJ's conclusions.

Accordingly, I **RECOMMEND** this case be remanded for further consideration of the ALJ's opinion consistent with this recommendation.

## RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Russell's motion for summary judgment be **GRANTED in part**, the Commissioner's motion for summary judgment be **DENIED,** and that the case be **REMANDED** for further consideration by the ALJ. [4]

---

[4] Russell also raised the arguments that substantial evidence does not support the ALJ's determination of disability, and that the additional evidence submitted to the Appeals Council in conjunction with her request for review demonstrates that the ALJ erred when finding Russell capable of substantial gainful employment. On remand, it is recommended that the ALJ consider all evidence in the record.

The Clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: January 31, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge